IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARK THURMAN**  **PLAINTIFF**
**ADC #151278**

v.   Case No. 4:23-cv-01085-KGB

**ERIC HIGGINS,** *et al.*   **DEFENDANTS**

## ORDER

Before the Court are three Partial Recommended Dispositions (individually "Partial Recommendation") and one Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. Nos. 4; 21; 34; 39). The Court analyzes each Recommendation in turn.

**I.   Analysis**

The Court has reviewed the first Partial Recommendation submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 4). Plaintiff Mark Thurman has not filed any objections, and the time to file objections has passed. Accordingly, after careful consideration, the Court adopts in part, and declines to adopt in part, the Partial Recommendation as this Court's findings (*Id.*). Judge Volpe recommends: (1) that Mr. Thurman's Eighth Amendment claim be dismissed and that Mr. Thurman be allowed to proceed with his Fourteenth Amendment Claim against separate defendants Eric Higgins, Andria Holmes, Alexus Fryer, Denika Bogard, Diane Green, Mary Green, C. Green, Christopher Moseley, Derek Harris, and Amelia Remley because the Fourteenth Amendment applies to a pretrial detainee's constitutional violations; and (2) separate defendant Randy Morgan should be dismissed as a defendant because Mr. Thurman has failed to plead a plausible claim against him (*Id.*, at 2–3). The Court agrees with Judge Volpe to the extent that Judge Volpe finds that Mr. Thurman pled a deliberate indifference claim. However, the Court

declines to adopt Judge Volpe's reasoning that such claim should be brought under the Fourteenth Amendment and not the Eighth Amendment.

The Eighth Circuit has held that an alleged probation violator's "detention is part and parcel of the state's successful criminal conviction and ensuing punishment where any alleged excessive force claim incurred during consequent incarceration is analyzed under the Eighth Amendment." *Peterson v. Heinen*, 89 F.4th 628, 634–35 (8th Cir. 2023) (internal citations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)).  The Court finds that this logic may apply equally to an alleged probation violator's deliberate indifference claims as well.  At the time of his alleged constitutional violations, Mr. Thurman was confined at the Pulaski County Regional Detention Facility ("PCRDF") where he was a convicted prisoner serving a state sentence for violating his probation (Dkt. No. 37-7, at 9–12).  Therefore, Mr. Thurman's deliberate indifference claim may be appropriately analyzed under the Eighth Amendment's Cruel and Unusual Punishment Clause. Regardless of whether this Court applies the Fourteenth Amendment or Eighth Amendment standard to this deliberate indifference claim, the standard is the same.  *See Smith-Dandridge v. Geanolous*, 97 F.4th 569, 575 (8th Cir. 2024).  For these reasons, the Court declines to adopt Judge Volpe's reasoning as to the constitutional basis for this claim.  The Court dismisses without prejudice separate defendant Randy Morgan as a defendant in this matter (Dkt. No. 1).

The Court has reviewed the second Partial Recommendation submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 21).  Mr. Thurman has not filed any objections, and the time to file objections has passed.  Accordingly, after careful consideration, the Court approves and adopts the Partial Recommendation in its entirety as this Court's findings in all respects (*Id.*). The Court dismisses without prejudice separate defendant C. Green as a defendant in this matter (Dkt. No. 1).

The Court has reviewed the third Partial Recommendation submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 34). Separate defendants Eric Higgins, Andria Holmes, Alexus Fryer, Denika Bogard, Diane Green, Mary Green, C. Green, Christopher Moseley, Derek Harris, and Amelia Remley have not filed any objections, and the time to file objections has passed. Accordingly, after careful consideration, the Court approves and adopts the Partial Recommendation in its entirety as this Court's findings in all respects (*Id.*). The Court denies the motion to dismiss (Dkt. No. 25).

The Court has reviewed the Recommendation submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 39). Mr. Thurman has not filed any objections, and the time to file objections has passed. Accordingly, after careful consideration, the Court adopts in part, and declines to adopt in part, the Recommendation as this Court's findings (*Id.*). The Court agrees with Judge Volpe's findings that separate defendants Eric Higgins, Andria Holmes, Alexus Fryer, Denika Bogard, Diane Green, Mary Green, Christopher Moseley, Derek Harris, and Amelia Remley's motion for summary judgment should be granted (Dkt. No. 35). However, regardless of whether this Court applies the Fourteenth Amendment or Eighth Amendment standard to this deliberate indifference claim, the standard is the same. *See Smith-Dandridge,* 97 F.4th at 575. Mr. Thurman's claims against separate defendants Eric Higgins, Andria Holmes, Alexus Fryer, Denika Bogard, Diane Green, Mary Green, Christopher Moseley, Derek Harris, and Amelia Remley are dismissed with prejudice (Dkt. No. 1). The relief requested is denied, and the case is closed.

## II.    Conclusion

For these reasons, the Court adopts the Partial Recommendations in their entirety as this Court's findings in all respects (Dkt. Nos. 21; 34) and adopts in part, and declines in to adopt in

part, the Partial Recommendation and the Recommendation (Dkt. No. 4; 39). Therefore, it is ordered that:

1. Mr. Thurman is allowed to proceed with his deliberate indifference claim against separate defendants Eric Higgins, Andria Holmes, Alexus Fryer, Denika Bogard, Diane Green, Mary Green, C. Green, Christopher Moseley, Derek Harris, and Amelia Remley (Dkt. No. 4);

2. Mr. Thurman's complaint with respect to separate defendant Randy Morgan is dismissed without prejudice for failure to state a claim upon which relief may be granted (Dkt. No. 1);

3. Mr. Thurman's complaint with respect to separate defendant C. Green is dismissed without prejudice for lack of service (Dkt. No. 1);

4. Separate defendants Eric Higgins, Andria Holmes, Alexus Fryer, Denika Bogard, Diane Green, Mary Green, C. Green, Christopher Moseley, Derek Harris, and Amelia Remley's motion to dismiss is denied (Dkt. No. 25);

5. Separate defendants Eric Higgins, Andria Holmes, Alexus Fryer, Denika Bogard, Diane Green, Mary Green, Christopher Moseley, Derek Harris, and Amelia Remley's motion for summary judgment is granted (Dkt. No. 35). Mr. Thurman's claims against these separate defendants are dismissed with prejudice (Dkt. No. 1);

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. The request for relief is denied, and the case is closed.

It is so ordered this the 19th day of February, 2025.

                                                Kristine G. Baker
                                                Chief United States District Judge